UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JEFFERSON PINTUS AND SAMANTHA BLACKMAN, § § § PLAINTIFFS § § v. § TEJI'S, LLC AND LAKHBIR § SINGH, INDIVIDUALLY, § § DEFENDANTS § | CA NO. 1:17-cv-127 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Jefferson Pintus and Samantha Blackman ("Plaintiffs") sue Defendants Teji's, LLC and Lakhbir Singh, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 Plaintiffs bring this action for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiffs also bring this action under Texas common law for conversion, breach of contract, quantum meruit, promissory estoppel and unjust enrichment.

1.2 Plaintiffs worked for Defendants as servers. During the course of their employment, Plaintiffs would consistently work over forty hours per week. However, Defendants refused to pay Plaintiffs for all overtime hours worked. Additionally, while Defendants would allow Plaintiffs to retain any tips from customers paying cash, Defendants misappropriated all tips paid to Plaintiffs via credit or debit cards.

### II. JURISDICTION AND VENUE

2.1 The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action

arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Teji's, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiffs in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in this judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiffs Jefferson Pintus and Samantha Blackman are individuals residing in this judicial district.

**B.     Defendants**

3.2     Defendant Teji's, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Texas.

3.3     Defendant Teji's, LLC was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d).

3.4     Defendant Teji's, LLC can be served with process by serving its registered agent for service of process, Lakhbir Singh, at 1205 Round Rock Avenue, Ste. 115, Round Rock, Texas 78681.

3.5     Defendant Lakhbir Singh is an individual who resides in Texas.

3.6     At all times relevant to this claim, Defendant Lakhbir Singh acted directly or indirectly in the interest of Defendant Teji's, LLC in relation to Plaintiffs' employment.

3.7     Defendant Lakhbir Singh was substantially in control of the terms and conditions of Plaintiffs' work.

3.8     Defendant Lakhbir Singh was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d).

3.9     Lakhbir Singh may be served with process at 1205 Round Rock Avenue, Ste. 115, Round Rock, Texas 78681.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Teji's, LLC had gross operating revenue in excess of $500,000.00.

4.3     During the course of their employment, the employees of Teji's, LLC including Plaintiffs, regularly used materials and/or goods that had moved in interstate commerce.

4.4     At all relevant times, Defendant Teji's, LLC has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed "employees", including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.6     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.7     At all relevant times, Teji's, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.8     At all relevant times, Plaintiffs were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.9     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1   Defendants operate a restaurant serving Indian cuisine in Austin, Texas.

5.2   Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint. Specifically, Plaintiffs were employed from mid 2016 to January 2017 as servers.

5.3   While Plaintiffs consistently worked over forty hours per week, Defendants failed to pay Plaintiffs for all overtime hours worked.

5.4   Additionally, Defendants unlawfully retained all credit/debit card tips given to Plaintiffs that were paid to/the property of Plaintiffs.

5.5   Multiple employees, including Plaintiffs, complained about this practice, but Defendants repeatedly ignored these complaints.

5.6   Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.7   Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs during their employment with Defendants.

5.8   Plaintiffs were required to comply with Defendants' policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendants.

5.9   As the president/owner of Defendant Teji's, LLC, Lakhbir Singh independently exercised control over the work performed by Plaintiffs.

5.10   Lakhbir Singh is responsible for running the day-to-day operations of Teji's, LLC.

5.11   Lakhbir Singh, acting directly in the interest of Teji's, LLC, determined the wages to be paid to Plaintiffs.

5.12   Lakhbir Singh, acting directly in the interest of Teji's, LLC, determined the work to be performed by Plaintiffs and monitored and directed Plaintiffs' work on a regular basis.

5.13   Lakhbir Singh, acting directly in the interest of Teji's, LLC, determined Plaintiffs' hours.

5.14   Lakhbir Singh, acting directly in the interest of Teji's, LLC, determined Plaintiffs' conditions of employment.

5.15   Lakhbir Singh, acting directly in the interest of Teji's, LLC, maintained employment records on Plaintiffs.

5.16   Lakhbir Singh, acting directly in the interest of Teji's, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiffs.

5.17   Defendant Lakhbir Singh made the decision to unlawfully misappropriate Plaintiffs' tips.

5.18   Defendant Lakhbir Singh made the decision not to pay Plaintiffs for all overtime hours worked.

## VI.   CAUSES OF ACTION

### A.   Violation of the FLSA for Failure to Pay Overtime

6.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2   Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs overtime compensation for all hours worked during their employment.

6.3   No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs overtime compensation for all hours worked during their employment.

6.4   In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

6.5   Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such

conduct.

6.6    Plaintiffs seek all unpaid overtime compensation, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**B.    State Law Claims**

6.7    Plaintiffs are entitled to damages against Defendants for misappropriation of Plaintiffs' tips under Texas common law for conversion, breach of contract, quantum meruit, promissory estoppel, unjust enrichment, or money had and received.

**Conversion**

6.8    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.9    Plaintiffs owned, possessed, or had the right to immediate possession of their property, including their tips.  The property, including tips, was personal. Defendants wrongfully exercised dominion or control over that property, and Plaintiffs suffered injury.

**Breach of Contract**

6.10   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.11   Plaintiffs bring this cause of action on the basis that they had a valid and enforceable contract with Defendants for compensation in exchange for the performance of work on behalf of the Defendants, including payment of tips.

6.12   Plaintiffs performed under this contract and Defendants breached by not paying the compensation promised, causing Plaintiffs injury.

6.13    By virtue of the filing of this Original Complaint, Plaintiffs have made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.

## Quantum Meruit

6.14    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.15    Alternatively, Plaintiffs bring a cause of action on the basis that they provided valuable services for Defendants who accepted the services and had reasonable notice that Plaintiffs expected compensation for the services provided, including their tips, but did not pay compensation for all the services provided.

## Promissory Estoppel

6.15    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.16    Alternatively, Plaintiffs bring a cause of action on the basis that Defendants made a promise to pay Plaintiffs all of their pay including tips, Plaintiffs relied on that promise to their detriment, Plaintiffs' reliance was foreseeable, and injustice can be avoided by enforcing Defendants' promise.

## Unjust Enrichment

6.17    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.18    Alternatively, Defendants received the benefit of tips at the Plaintiffs' expense under circumstances that would make it unjust for it to retain that benefit without commensurate compensation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Jefferson Pintus and Samantha Blackman respectfully prays that Defendants Teji's, LLC and Lakhbir Singh, Individually, be cited to appear, and that, upon trial of this matter, Plaintiffs recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of Plaintiffs' unpaid overtime compensation under the FLSA;

b. Liquidated damages in an amount equal to Plaintiffs' unpaid overtime compensation under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA, and reasonable attorney's fees as provided by Texas Civil Practice and Remedies Code, § 38.002;

d. The full amount of tips misappropriated from Plaintiffs;

e. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFFS